UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERYC YOUNG,

    Plaintiff,

v.

HIGHTOWER, first name unknown,
and JOHN DOE, unknown
corrections officer,

    Defendants.
_____/

CASE NO. 04-CV-10309

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT HIGHTOWER'S MOTION TO DISMISS
(Dkt. 7)

**I.  RECOMMENDATION**

For the reason set forth below, **IT IS RECOMMENDED** that Defendant Hightower's motion be **DENIED.**

**II.  REPORT**

    **A.  Introduction**

Plaintiff Eryc Young is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Chippewa Correctional Facility in Kincheloe, Michigan. Plaintiff's prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983 alleges that defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment. Specifically, Plaintiff claims that Corrections Officer ("C/O") Hightower and another unknown C/O were transporting him in a prison vehicle on December 11, 2002, when they were in an accident due to Hightower's

reckless driving. Plaintiff claims that he was in restraints, so before they departed in the vehicle he asked to be buckled in with the seatbelt, but the officers refused. Plaintiff alleges that he was seriously injured during the accident and that his injury would not have occurred if he had been buckled in.

By order of U.S. District Judge David M. Lawson, the case was referred to the undersigned Magistrate Judge for general case management on November 24, 2004 (Dkt. 3), and the U.S. Marshal was directed to serve the complaint on Defendant Hightower on December 6, 2004. (Dkt. 4.) On February 10, 2005, Defendant Hightower filed the instant motion to dismiss in lieu of an answer. Plaintiff responded in opposition to the motion on March 11, 2005, (Dkt. 10), and Defendant filed a reply on March 23, 2005. (Dkt. 11.) Pursuant to Eastern District of Michigan Local Rule 7.1(e)(1), the motion is ready for Report and Recommendation without oral argument.

    **B.**     **Defendant's Motion**

Defendant Hightower moves for dismissal on the ground that Plaintiff's initial pleading failed to either aver or demonstrate that he exhausted his administrative remedies prior to filing suit. When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material

2

elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

### C. The Exhaustion Requirement

The Prisoner Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The plain language of the statute makes exhaustion a precondition to filing an action in federal court . . . ." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The exhaustion requirement is mandatory, and applies to all prisoner claims regardless of the types of relief offered through a prison's or jail's administrative procedures. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825, 149 L. Ed. 2d 958 (2001). Moreover, the Sixth Circuit has recently held that all claims in a prisoner's § 1983 complaint must have been completely exhausted prior to filing suit or the entire case is subject to *sua sponte* dismissal without prejudice. *Jones Bey v. Johnson*, ___ F.3d ___, No. 03-2331, slip op. at 4-7 (6th Cir. Apr. 27, 2005).

In this circuit, prisoners bear the burden of demonstrating that they have met the exhaustion requirement: "[T]his court will henceforth require that prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To satisfy this burden, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The Michigan Department of Corrections provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See generally* MDOC Policy Directive 03.02.130. A Michigan prisoner must proceed through all three steps of the process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). *See also Booth*, 121 S. Ct. at 1822 (affirming dismissal of § 1983 action where prisoner filed an administrative grievance, but did not "go beyond the first step"). Therefore, to demonstrate exhaustion of administrative remedies, a Michigan prisoner should provide the Court with copies of the grievances he submitted at all three steps regarding each claim he seeks to raise under § 1983, and the administrative responses he received, up to and including the response to his Step III grievance appeal. In the absence of these documents, a prisoner must describe in detail the grievances filed and the responses received.

The Court must then review the grievances to determine whether each claim against each defendant was specifically raised, because the rule requires that "a prisoner file a grievance against the person he ultimately seeks to sue" so that "the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). Furthermore, "[f]or a court to find that a prisoner has administratively exhausted a claim against an individual defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). The exhaustion requirement is not met if the prisoner did not mention an individual defendant until Step II or Step III of the process. *Id.*

**D.      Discussion**

In this case, Plaintiff attached to his complaint a copy of his Step I grievance regarding the incident in question. (Grievance No. MRF-3405-00555003B.) The grievance mentioned both Defendant Hightower and the unknown officer, and asserted that Plaintiff had been injured by the "direct disregard" for his safety when he was not placed in a seatbelt. The grievance was denied at Step I, and Plaintiff appealed to Step II on June 3, 2004. (*See* "Prisoner/Parolee Grievance Appeal Form" and "Receipt of [Step II] Grievance Appeal Form," attached to compl.) On July 12, 2004, Plaintiff mailed his Step III grievance appeal to the MDOC's Lansing office as required. (See Postage Disbursement Authorization, attached to compl.) In response to Plaintiff's submission of his Step III appeal, Plaintiff received a letter from James G. Armstrong, manager of the Prisoner Affairs Section of the MDOC. (*See* Letter dated July 19, 2004, attached to compl.) The letter stated that Plaintiff's Step III grievance had been received, but that it could not be "processed further" without "additional documentation." Plaintiff was instructed to provide the following specific documents:

1)    The white copy of the Prisoner/Parolee Grievance Form (CSJ-247A),

2)    The step I response with all related attachments or goldenrod copy with legible grievance statement when the step I response was not received,

3)    The Prisoner/Parolee Grievance Appeal Form (CSJ-247B),

4)    The step II response (or goldenrod copy with legible reason for appeal to Step II when the step II response was not received, and

5)    Your reason for appeal to Step III.

(*Id*.) The final sentence of the letter instructed Plaintiff to "[r]eturn this letter with your grievance as a record of your timely filing of this grievance." (*Id*.)

5

Defendant Hightower moves for dismissal based on Plaintiff's failure to allege or show that he responded to this letter by providing the materials requested. I suggest, however, that even if Plaintiff failed to comply with the directives in this letter, he nevertheless has satisfied the PLRA's exhaustion requirement because he has demonstrated that he followed through with all of the steps in the MDOC's grievance policy. The policy directive setting forth the grievance process provides as follows:

> Step III
>
> HH.  If a grievant is dissatisfied with the response received at Step II or does not receive a timely response, s/he may send a completed Step III grievance to the Prisoner Affairs Section. The form must be sent within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due, including any extensions. A grievant also may file a grievance directly to Step III in accordance with Paragraph S.

MDOC Policy Directive 03.02.130, effective Dec. 19, 2003.

This policy directive clearly does not require the prisoner to send any additional documentation with a Step III appeal; it only requires that the prisoner submit a completed Step III grievance form. Here, the letter from the manager of the Prisoner Affairs Section specifically states that Plaintiff timely filed a Step III grievance. The fact that more paperwork was requested in this instance, I suggest, does not create an additional requirement under the PLRA. The established MDOC grievance process consists of three steps, and the record demonstrates that Plaintiff complied with these three steps. Accordingly, I suggest that Defendant Hightower's motion to dismiss the case be denied because the documents submitted with Plaintiff's complaint demonstrate that he exhausted his administrative remedies as mandated by 42 U.S.C. § 1997e(a).

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                               s/ *Charles E Binder*
                                               CHARLES E. BINDER
Dated: May 25, 2005                         United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Julia Bell, and served in the traditional manner on Eryc Young and Honorable David M. Lawson.


Dated:  May 25, 2005                     By         s/Mary E. Dobbick
                                                          Secretary to Magistrate Judge Charles E. Binder