UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERYC YOUNG,

    Plaintiff,                      CASE NO. 04-CV-10309

v.                                DISTRICT JUDGE DAVID M. LAWSON
                                     MAGISTRATE JUDGE CHARLES BINDER

EDWARD HIGHTOWER,
MICHIGAN DEPARTMENT OF
CORRECTIONS,
SCOTT G. REYNOLDS,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS'
MOTION TO DISMISS**
(Dkt. 29)
**AND DEFENDANT EDWARD HIGHTOWER'S
MOTION TO DISMISS**
(Dkt. 30)

**I.     RECOMMENDATION**

For the reason set forth below, **IT IS RECOMMENDED** that the motions be **GRANTED**.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Eryc Young is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Chippewa Correctional Facility in Kincheloe, Michigan. Plaintiff's prisoner civil rights complaint, brought pursuant to 42 U.S.C. § 1983, was transferred to this district on November 12, 2004. By order of U.S. District Judge David M. Lawson, the case was referred to this Magistrate Judge for general case management on November 24, 2004. (Dkt. 3.)

The complaint asserts that Plaintiff sustained injuries from a motor vehicle accident that occurred on December 11, 2002, when Defendants Hightower and Reynolds were transporting Plaintiff in a prison vehicle. (Am. Compl., Dkt. 19 at 2-3.) Plaintiff alleges that he was unable to buckle his seatbelt due to being shackled, so he asked the defendants to buckle it for him and they refused. Plaintiff alleges that he was seriously injured in the accident and that his injury would not have occurred if he had been wearing a seatbelt.

The amended complaint asserts three causes of action: (1) automobile negligence under state law; (2) common law negligence; and (3) deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment. (*Id*. at 5-6.)

Before the Court are two defendants' motions to dismiss.[1]  (Dkts. 29 & 30.) Plaintiff's response was filed on January 20, 2006 (Dkt. 34), and Defendants filed a reply on January 27, 2006. (Dkt. 35.) Pursuant to Eastern District of Michigan Local Rule 7.1(e)(1), the motions are ready for Report and Recommendation without oral argument.

B.     **Motion Standards**

Motions to dismiss are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some

---

[1] On January 13, 2006, the Court ordered that Defendant Reynolds be substituted in place of the originally-named "John Doe" defendant and also granted Plaintiff's request to file an amended complaint. (Dkt. 33.) Before Reynolds was served with the amended complaint, however, counsel for Plaintiff withdrew. (Dkt. 39.) On July 31, 2006, the U.S. Marshal's Office was directed to serve process on Defendant Reynolds. As of this date, however, Defendant Reynolds has not returned the waiver of service of summons form that was mailed to him. Therefore, the Court will direct the Marshal in a separate order to attempt traditional service of process of the amended complaint upon Defendant Reynolds pursuant to Rule 4(e).

viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

  **C.** **Defendant Hightower's Motion to Dismiss**

  **1.** **Count III – Civil Rights Claim[2]**

Defendant Hightower moves for dismissal on the basis of qualified immunity. (Dkt. 30 at 1.) The U.S. Supreme Court has explained that, pursuant to the defense of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The rationale underlying the doctrine is that "an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Id.* Qualified immunity further recognizes that "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation he confronts. 'If the officer's mistake as to what the law requires is reasonable, . . . the officer is entitled to the immunity defense.'" *Green v. Barber*, 310 F.3d 889, 894 (6th Cir. 2002) (quoting *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).

---

  [2]The claims are being taken out of order so as to address the federal claim first.

The defense of qualified immunity "can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986)). "[A] defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery" unless "the plaintiff's allegations state a claim of violation of clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. For purposes of the "clearly established" inquiry, however, the analysis "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. 194, 199, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) (quoting *Saucier*, 533 U.S at 201).

It is beyond dispute that, as a broad general proposition, an inmate's rights under the Eighth Amendment are violated when government entities or officials are deliberately indifferent to his medical needs or his safety. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). However, with regard to the specific context of this case, Defendant contends that it has never been clearly established that it is unlawful for a corrections officer to transport a shackled inmate in the rear of a vehicle without a seatbelt.

The accident in this case occurred in December 2002; at that time, very few cases had addressed this issue. In 1999, the Eighth Circuit rejected a § 1983 claim by a pretrial detainee who was rendered a quadriplegic when he was thrown forward while shackled in the prisoner

4

compartment of a patrol vehicle that was not equipped with seatbelts. *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902 (8th Cir. 1999). The court reasoned that regardless of whether the claim was analyzed under the Eighth Amendment's Cruel and Unusual Punishments Clause or the Fourteenth Amendment's Due Process Clause, which applies to pretrial detainees, no constitutional violation had been alleged:

> [D]eliberate indifference is a difficult standard to meet. *See Liebe* [*v. Norton*], 157 F.3d at 577 [(8th Cir. 1998)]. Regardless of whether the term is framed as a subjective or objective test, the alleged deprivation must still be "sufficiently serious" and "pose a substantial risk of serious harm." *Farmer*, 511 U.S. at 834, 114 S. Ct. 1970; *see also Liebe*, 157 F.3d at 577.
>
> Thus, even using an objective standard, we do not think that the Board's purchase of patrol wagons without safety restraints nor its manner of transporting individuals in these wagons were policies that obviously presented a "substantial risk of serious harm."

*Spencer*, 183 F.3d at 906. In 2001, the federal district court in Arizona agreed, stating:

> Plaintiffs' 42 U.S.C. § 1983 claim based upon a violation of the Eighth Amendment is without merit. Transcor's failure to equip its vans with a passenger restraint system does not amount to deliberate indifference to Plaintiffs' safety. This failure constitutes negligence at most. Mere negligence is not enough to demonstrate deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

*Lopez v. Northern Arizona Coca-Cola Bottling Co.*, No. CV-99-192-TUC-JMR, 2001 WL 1105129, *1 (D. Ariz. Sept. 12, 2001).

Plaintiff does not cite any case in support of his argument that defendants should have been aware in December 2002 that their conduct was unlawful. Instead, Plaintiff cites an Eighth Circuit case that was decided two years after the incident in question. (Def.'s Resp. Br. at 3.) In *Brown v. Missouri Dep't of Corrections*, 353 F.3d 1038 (8th Cir. 2004), the court indeed held that the prisoner-plaintiff's allegation that five corrections officers who were transporting him all refused to fasten his seatbelt when he asked rose to the level of an Eighth Amendment claim of deliberate

5

indifference. *Id.* at 1040. However, one month after *Brown*, the Tenth Circuit held just the opposite:

> We first examine the objective component of the test for an Eighth Amendment violation, *i.e.*, whether failure to seatbelt inmates poses a substantial risk of serious harm. We conclude it does not. We have already indicated an Eighth Amendment claim based on failure to insure inmate safety must allege a risk that has been variously described as "life-threatening," *Helling*, 509 U.S. at 33, "sufficiently serious," *Farmer*, 511 U.S. at 834 (quotation omitted), "substantial," *id.*, "excessive," *id.* at 837, and "sure or very likely to cause" serious injury. *Helling*, 509 U.S. at 33. These standards are not met in this case. The connection between a failure to seatbelt and the risk of serious injury, even if arguably evident under state tort law, is insufficient for purposes of constitutional analysis.

*Dexter v. Ford Motor Co.*, 92 Fed. Appx. 637, 641(10th Cir. 2004).

Qualified immunity is appropriate unless either a precedent "squarely governs" the outcome of the case or the case is so "obvious" that "general tests . . . 'clearly establish' the answer, even without a body of relevant case law." *Brosseau*, 543 U.S. at 199-201. I suggest that, in this case, Defendant Hightower is entitled to qualified immunity because in December 2002 there was no case law from the Sixth Circuit or any court in this circuit holding that failure to seatbelt a shackled inmate when transporting him in the rear portion of a vehicle is a constitutional violation, but there were several cases from outside this circuit that reached the opposite conclusion. The grant of qualified immunity in this case, I suggest, is further supported by the fact that, even today, there is no clear precedent from the Sixth Circuit governing this issue and there are conflicting opinions from other circuits. Accordingly, I suggest that Defendant Hightower's motion to dismiss on the grounds of qualified immunity be granted.

### 2. Counts I and II – Negligence Claims

Plaintiff's remaining claims assert negligence under Michigan law. I suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this

Court should decline to exercise its discretion to entertain these pendent state law claims. *Id.* at 726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") *See also Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over the surviving state law claims).

### D. Defendant MDOC's Motion to Dismiss

Counsel for Defendant Michigan Department of Corrections asserts that the MDOC is entitled to dismissal because it is immune from suit in federal court pursuant to the Eleventh Amendment. (Dkt. 29 at 2.) I suggest that counsel is correct. The MDOC is a department of the State of Michigan, and the State of Michigan has not consented to civil rights suits under 42 U.S.C. § 1983. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Furthermore, Congress has not expressly abrogated the state's Eleventh Amendment immunity by statute. *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000) ("the MDOC, as an arm of the State of Michigan, is entitled to sovereign immunity"); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. April 5, 1995) ("[t]he MDOC is absolutely immune from suit under the Eleventh Amendment").

Accordingly, I suggest that Defendant MDOC should be *sua sponte* dismissed with prejudice because it is immune from suit, and that the case should be dismissed in its entirety.

7

**III. REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                 s/ *Charles E Binder*
                                                         CHARLES E. BINDER
Dated: November 1, 2006                        United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Farrell, served on Eryc Young by first class mail, and served on District Judge Lawson in the traditional manner.

Date:  November 1, 2006                  By_____s/Jean L. Broucek_____
                                                        Case Manager to Magistrate Judge Binder