**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ERYC YOUNG,

        Plaintiff,                         CASE NO. 04-CV-10309

v.                                  DISTRICT JUDGE DAVID LAWSON
                                     MAGISTRATE JUDGE CHARLES BINDER

SCOTT G. REYNOLDS,

        Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON DEFENDANT REYNOLD'S MOTION TO DISMISS**
(Dkt. 56)

**I.**    **RECOMMENDATION**

        For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to

Dismiss be **GRANTED.**

**II.**    **REPORT**

        **A.**    **Introduction and Facts**

        Plaintiff is currently incarcerated by the Michigan Department of Corrections ("MDOC")

at its Chippewa Correctional Facility in Kincheloe, Michigan.  Plaintiff's prisoner civil rights

complaint, brought pursuant to 42 U.S.C. § 1983, was transferred to this district on November 12,

2004.  (Dkt. 1.)  By order of U.S. District Judge David M. Lawson, this case was referred to the

undersigned Magistrate Judge for general case management on November 24, 2004.  (Dkt. 3.)

Pending is the above-entitled motion. (Dkt. 56.)  The Court requested that Plaintiff respond to the

Motion to Dismiss on January 25, 2007, but Plaintiff has failed to respond.[1]  Upon review, I

---

[1]Even though Plaintiff has failed to respond to the motion to dismiss, the court must not grant the motion based on that failure. The court can instead  only grant a motion to dismiss where the court concludes that plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Carver v. Bunch,* 946 F.2d 451, 452

conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

On December 11, 2002, Plaintiff was transported in a motor vehicle owned by the MDOC and operated by Edward Hightower. (Am. Compl., Dkt. 19, ¶ 9.) Plaintiff alleges that Hightower and Defendant Reynolds[2] placed him in belly chains and leg irons before placing him in the van used for transporting prisoners. (*Id.* ¶ 10.) Although Plaintiff asked them to fasten his seatbelt for him (because he could not do so while shackled), they refused and told him not to worry. (*Id.*) Hightower drove the van at a high speed and wove in and out of traffic, eventually striking another vehicle in the rear. (*Id.* ¶ 12.) Upon impact, Plaintiff "hit the back of the cage that separates the back seat from the front." (*Id.* ¶ 13.) Plaintiff further contends that his injuries, back and neck spasms, could have been prevented if he had been restrained. (*Id.*)

Plaintiff filed the instant complaint on November 12, 2004, alleging three causes of action: (1) automobile negligence under state law; (2) common law negligence; and (3) deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment to the United States Constitution. (Dkt. 19 at 5-6.) On November 22, 2006, by Order Adopting Magistrate Judge's Report and Recommendation,[3] Defendants Hightower and MDOC were terminated from the case. (Dkt. 48.)

---

(6th Cir. 1991) (finding that a district court abused its discretion in dismissing plaintiff's claims solely because the plaintiff failed to respond to the motion to dismiss because such an action is akin to a dismissal for failure to prosecute; it should have been analyzed under Rule 41).

[2]Initially Defendant Reynolds was an unidentified John Doe.

[3]The Report and Recommendation was filed on November 1, 2006. (Dkt. 45.)

**B.      Governing Standards**

Motions to dismiss are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

**C.      Analysis & Conclusions**

Plaintiff alleges violations of his constitutional rights by a state officer. Under 42 U.S.C. § 1983, an individual may bring a private right of action against anyone who, under color of state law, deprives a person of rights, privileges, or immunities secured by the Constitution or conferred by federal statutes. *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997).

**1.      Eighth Amendment**

**a.      Qualified Immunity Standards**

Defendant asserts that he is entitled to qualified immunity. (Dkt. 56 at 1, 4-7.) The Supreme Court has explained that, pursuant to the defense of qualified immunity, "government

officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The rationale underlying the doctrine is that "an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Id.* Qualified immunity further recognizes that "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation he confronts. 'If the officer's mistake as to what the law requires is reasonable, . . . the officer is entitled to the immunity defense.'" *Greene v. Barber*, 310 F.3d 889, 894 (6th Cir. 2002) (quoting *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).

The defense of qualified immunity "can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986)). When raised after discovery, "the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985).

The Supreme Court has recently clarified the interplay between qualified immunity and summary judgment:

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts. As we have emphasized, '[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a

rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."' '[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.' When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. . . . Respondent's version of the events is so utterly discredited by the record that no reasonable jury could have believed him [so] [t]he Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.

*Scott v. Harris*, ___ U.S. ___, 127 S. Ct. 1769, 1776, ___ L. Ed. 2d ___ (2007).

According to this recent Supreme Court precedent, courts must weave the summary judgment standard into each step of the qualified immunity analysis and must not proceed to step two unless a genuine issue of fact exists under step one under the qualified immunity analysis. The Sixth Circuit has delineated the following steps to the qualified immunity analysis:

The first inquiry is whether the [p]laintiff has shown a violation of a constitutionally protected right; the second inquiry is whether that right was clearly established at the time such that a reasonable official would have understood that his behavior violated the right; and the third inquiry is 'whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of clearly established rights.'

*Tucker v. City of Richmond, Ky,* 388 F.3d 216, 219 (6th Cir. 2005), quoting *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). At times, this Circuit employs a two-part test, *see, e.g., Greene v. Barber*, 310 F.3d 889, 894 (6th Cir. 2002); the three-part test simply adds the summary judgment language requiring evidence to support the claim and encompasses the rule that when the defense of qualified immunity is raised, the burden rests with the plaintiff to show that the defendant is not entitled to qualified immunity. *Curry v. School District of the City of Saginaw*, 452 F. Supp. 2d 723, 734 (E.D. Mich. 2006) (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)). However, as noted earlier, *Scott v. Harris* requires that the summary judgment analysis

permeate each step, including step one. In doing so, the court must only consider the facts known to the officers at the time the conduct was undertaken. *Hale v. Kart*, 396 F.3d 721, 728 (6th Cir. 2005).

> **b. Qualified Immunity Analysis**

It is beyond dispute that, as a broad general proposition, an inmate's rights under the Eighth Amendment are violated when government entities or officials are deliberately indifferent to his medical needs or his safety. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Defendant contends that no constitutional violation occurred and that, even if the court were to find otherwise, it was not clearly established that transporting a shackled inmate in the rear of a vehicle without a seatbelt was unlawful.

Defendant anticipated that Plaintiff would rely on *Brown v. Morgan*, No. 94-2023 (8th Cir. Nov. 7, 1994) (unpublished) (reversing granting of motion to dismiss where officer refused to let plaintiff wear seat belt, drove at a high rate of speed in bad weather, refused to slow down when plaintiff pleaded with him to do so and smiled when he saw plaintiff was scared). However, Defendant notes that *Brown* is unpublished and has no precedential value. (Dkt. 56 at 6.) Defendant further argues that unpublished decisions from other jurisdictions have held the opposite, such as *Boddie v. New York State Department of Correctional Services*, No. 96-3291 (S.D.N.Y. Aug. 20, 1997) (granting motion to dismiss where officer fell asleep at the wheel and upon waking, accelerated rather than braking, lost control of the vehicle and caused an accident but plaintiff had not even alleged that the defendant intentionally fell asleep, purposefully accelerated or refused to let plaintiff wear a seatbelt).

Assuming the factual allegations in Plaintiff's complaint are capable of being proven, Defendant Reynolds placed him in belly chains and leg irons before placing him in the van and refused to seatbelt Plaintiff. (Am. Compl., Dkt. 19 ¶ 10.) Hightower drove the van recklessly and struck another vehicle, injuring Plaintiff. (*Id.* ¶¶ 12, 13.)

Constitutional claims under § 1983 and attendant qualified immunity analysis must be specific to the conduct of each particularized Defendant. *Rich v. City of Mayfield Hts.,* 955 F.2d 1092, 1095 (6th Cir. 1992); *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). However, a Defendant may be liable for the conduct of others where he has a duty to protect the plaintiff and fails to do so. *Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996) (security guard was liable for beating of patient by another security guard because he watched and did not attempt to stop it); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990) (officer who observes beating and does nothing to stop it may be liable under § 1983); *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982) (officer who stands by while other officers beat plaintiff may be liable under § 1983). I will therefore assume, *arguendo*, that Plaintiff may attribute Hightower's actions to Defendant based on Defendant's failure to protest against or otherwise prevent Hightower's reckless driving such that the whole factual scenario may be alleged against Defendant Reynolds.

As noted in the previous Report and Recommendation (Dkt. 45), when the accident occurred in December 2002, there were few cases addressing this issue. The one published case, generated by the Eighth Circuit, rejected a § 1983 claim by a pretrial detainee who was rendered a quadriplegic when he was thrown forward while shackled in the prisoner compartment of a patrol vehicle that was not equipped with seatbelts because the lack of seatbelts did not present a

"substantial risk of serious harm" that could violate the constitution. *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902 (8th Cir. 1999).[4]

I note that two other unpublished decisions rendered before the accident occurred would support Plaintiff's claim. *See Saltsgaver-Roscoe v. Ralls*, No. 97-0952, 1998 WL 516793 (W.D. Mo. May 6, 1998) (denying summary judgment where plaintiff suffered a spiral fracture to her arm after having been in the transportation van handcuffed with her hands behind her back and lying on the floor and where she kept trying to get up on the bench but kept falling off); and *Pendleton v. Schroeder*, No. 98-0791, 1998 WL 273000 (N.D. Cal. May 22, 1998) (denying motion to dismiss where prisoners were handcuffed and sat on benches that did not have any seatbelts and where transportation vehicles convoyed closely such that when the first vehicle braked, all five collided and plaintiffs were thrown from the benches suffering various injuries).

However, as noted in the previous Report (Dkt. 45), another unpublished decision held the opposite and would militate against Plaintiff's claim. *See Lopez v. Northern Arizona Coca-Cola Bottling Co.*, No. CV-99-192-TUC-JMR, 2001 WL 1105129, *1 (D. Ariz. Sept. 12, 2001) ("failure to equip its vans with a passenger restraint system does not amount to deliberate indifference to Plaintiffs' safety . . . [but] constitutes negligence at most.").

Thus, at the time of Plaintiff's accident in late 2002, there was one published Eighth Circuit opinion and two unpublished decisions which would support dismissal of Plaintiff's claim. *Spencer, supra; Boddie, supra; Lopez, supra.* On the other hand, there were three unpublished decisions which would support Plaintiff's claim being allowed to proceed to trial. *Brown v. Morgan, supra*; *Saltsgaver-Roscoe, supra; Pendleton, supra.*

---

[4]The court noted that the analysis would be the same under the Eighth Amendment's Cruel and Unusual Punishments Clause or the Fourteenth Amendment's Due Process Clause, which applies to pretrial detainees.

Qualified immunity is appropriate unless either a precedent "squarely governs" the outcome of the case or the case is so "obvious" that "general tests . . . 'clearly establish' the answer, even without a body of relevant case law." *Brosseau v. Haugen*, 543 U.S. 194, 199-201, 125 S. Ct. 596 160 L. Ed. 2d 583 (2004). As indicated above, in December 2002 there was no case law from the Sixth Circuit or any court in this circuit holding that failure to seatbelt a shackled inmate when transporting him in the rear portion of a vehicle is a constitutional violation, the one published decision would support the defendant's conduct as constitutional and the unpublished case law from outside this circuit was nearly evenly split. The Ninth Circuit has held that unpublished decisions and the law of other federal jurisdictions may be reviewed in determining whether the law was clearly established;[5] however, the Fourth Circuit has held that unpublished decisions may not be used in determining whether qualified immunity is appropriate because it "could not allow liability to be imposed upon public officials based upon unpublished decisions." *Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir. 1996). In considering unpublished decisions, the Ninth Circuit recognizes that sometimes the unpublished decisions may "show that the law was in the process of becoming established." *Sorrels v. McKee*, 290 F.3d 965, 971 (9th Cir. 2002). Our Sixth Circuit has not yet spoken on whether unpublished decisions may be considered in determining whether the law was clearly established; however, in the instant case, I suggest that even when the unpublished decisions of other circuits and districts are reviewed, they only reveal a split of authority that further reveals a lack of clarity in the law.

---

[5] *Prison Legal News v. Lehman*, 397 F.3d 692, 701-02 (9th Cir. 2005); *Hydrick v. Hunter*, 466 F.3d 676, 690 (9th Cir. 2006).

Thus, I suggest that even if all the allegations in the complaint are true, Plaintiff cannot establish that Defendant's conduct violated the Eighth Amendment because the law was not clearly established. *Tucker, supra; Greene, supra*.

The grant of qualified immunity in this case, I suggest, is buttressed by the fact that, even today, there is no clear precedent from the Sixth Circuit governing this issue and there are conflicting opinions from other circuit and district courts. In addition, the following decisions have held in favor of similarly-situated defendants: *Dexter v. Ford Motor Co.*, 92 Fed. App'x 637, 643-44 (10th Cir. 2004) (granting qualified immunity where officers failed to seatbelt plaintiff while driving recklessly, noting that no federal case has held that failure to seatbelt alone is a constitutional violation, noting the absence of statutes for the protection of passengers helpless to seatbelt themselves, other than toddlers, and noting the absence of any federal law requiring that occupants other than federal employees be seatbelted); *Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 437-38 (S.D.N.Y. 2004) (granting motion to dismiss where plaintiff was injured when forced to ride handcuffed and was not provided with a seatbelt because "protection from harm is not a constitutionally secured right") (citing *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989)); *Williams v. City of New York*, No. 03-5342, 2005 WL 2862007, (S.D.N.Y. Nov. 1, 2005) (unpublished) (granting motion to dismiss where plaintiff was injured on a bus on two different occasions where the driver was reckless and where the bus lacked seat belts, relying on the reasoning in *Carrasquillo, supra,* that vehicular accidents that expose plaintiff to a risk of injury cannot supply deliberate indifference); *Jones v. Collins*, No. 05-663, 2006 WL 1528882 (S.D. Ill. June 1, 2006) (unpublished) (dismissing complaint under § 1915(a) where officer backed into an oncoming vehicle and plaintiff, who was not seat-belted, sustained injuries; the court found the allegations presented mere negligence that

is not actionable under § 1983); *Oliver v. Georgia Dep't. Of Corr.*, No. 06-320, 2006 WL 3086792 (M.D. Ga. Oct. 27, 2006) (dismissing claim under § 1915(a) where plaintiff restrained with handcufffs and leg irons was not wearing a seat belt and where officer was driving too fast and collided with vehicle in front of him, injuring plaintiff, noting that although a state claim for negligence may have been stated, plaintiff had not averred a constitutional violation, citing the Tenth Circuit's decision in *Dexter*, *supra*); *Seelye v. Fisher*, No. 06-2848, 2007 WL 951604 (D. Minn. Mar. 29, 2007) (unpublished) (granting summary judgment in favor of defendant where plaintiff was handcuffed, waist-chained and leg-ironed and was not placed in a seat belt during transportation and where driver's "reckless" driving aggravated his pre-existing back and neck injuries "[g]iven that the Plaintiff never affirmatively requested that [the officer] fasten his seatbelt" and where there was no allegation, other than a conclusory one, that the defendant drove in a reckless manner); *Riddick v. Reiger*, No. 03-462, 2006 WL 2644924 (M.D. Fla. Sept. 14, 2006) (unpublished) (granting motion to dismiss where plaintiff was injured when officer drove recklessly and did not buckle plaintiff's seat belt; citing with approval the Tenth Circuit's reasoning that the "connection between a failure to seatbelt and the risk of serious injury, even if arguable under state tort law, is insufficient for purposes of constitutional analysis").

On the other hand, the following decisions have held in favor of similarly-situated plaintiffs: *Brown v. Missouri Dep't. Of Corr.*, 353 F.3d 1038 (8th Cir. 2004) (denying motion to dismiss where plaintiff was shackled with bellychains, handcuffs, blackbox and leg chains and where he asked officers to fasten his seatbelt but defendants refused and drove recklessly) (citing *Fruit v. Norris*, 905 F.2d 1147, 1150 (8th Cir. 1990) (holding that prison officials violate the Eighth Amendment when they intentionally place prisoners in dangerous situations or manifest deliberate indifference for their safety)); *Ford v. City of Memphis*, No. 05-2017, 2006 WL 241101 (W.D.

Tenn. Feb 1, 2006) (unpublished) (denying summary judgment on excessive force claim under Fourteenth Amendment where officers allegedly dragged, beat, stepped on, kicked, sprayed and failed to fasten seatbelt on the shackled plaintiff who was thrown back and forth during ride in the police car); *Brown v. Fortner*, No. 02-4232, 2006 WL 2796388 (W.D. Mo. Sept. 25, 2006) (denying summary judgment and finding deliberate indifference where plaintiff was injured when convoy of transportation vehicles collided and plaintiff was fully shackled with a belly chain, handcuffs, a black box and leg chains and where he asked to have his seatbelt fastened but was refused and could not himself because of the shackles).

Accordingly, I suggest that since the law was not, and is not to this day, clearly established, as this term has been come to be understood in the analysis of qualified immunity, Defendant Reynold's motion to dismiss on the grounds of qualified immunity should be granted.

### 2.     Counts I and II – Negligence Claims

Plaintiff's remaining claims assert negligence under Michigan law. I suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court should decline to exercise its discretion to entertain these pendent state law claims. *Id*. at 726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") *See also Hankins v. The Gap, Inc*., 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over the surviving state law claims).

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


 s/ *Charles E. Binder*
CHARLES E. BINDER
Dated: June 19, 2007                        United States Magistrate Judge


### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Farrell, and on Eryc Young by first class mail, and served on U.S. District Judge Lawson in the traditional manner.


Date:  June 19, 2007                    By_____s/Patricia T. Morris_____
                                        Law Clerk to Magistrate Judge Binder