UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERYC YOUNG,

        Plaintiff,

v.                                                     Case No. 04-10309
                                                     Honorable David M. Lawson

EDWARD HIGHTOWER, MICHIGAN
DEPARTMENT OF CORRECTIONS, and
SCOTT G. REYNOLDS,

        Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION,
ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS,
GRANTING MOTIONS TO DISMISS FILED BY DEFENDANTS
HIGHTOWER, REYNOLDS, AND MICHIGAN DEPARTMENT OF
CORRECTIONS, DISMISSING FEDERAL CLAIMS WITH PREJUDICE, AND
DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE**

On November 1, 2006, Magistrate Judge Charles E. Binder issued a report pursuant to 28 U.S.C. § 636(b) recommending that this Court grant motions to dismiss filed by defendants Hightower and Michigan Department of Corrections. The magistrate judge concluded that defendant Hightower is entitled to qualified immunity on the plaintiff's civil rights claim and the Court should decline to exercise supplemental jurisdiction over the state law claims against this defendant. The magistrate judge also concluded that defendant MDOC is immune from suit pursuant to the Eleventh Amendment. The Court did not receive objections from the plaintiff within the time period for filing objections and therefore adopted the magistrate judge's report on November 22, 2006.

On December 11, 2006, the Court received objections from the plaintiff, signed by him on November 30, 2006. Because the plaintiff's objections were filed out of time, the Court struck them from the record on December 22, 2006. Shortly thereafter, the Court received a letter from the

plaintiff and a motion for reconsideration dated December 7, 2006 in which the plaintiff claims he did not receive a copy of the magistrate judge's report in a timely manner because he was transferred from one correctional facility to another, and the magistrate judge's report and recommendation (R&R) was sent to the wrong prison. The Court agrees that the plaintiff did not have a fair chance to object within the time provided by the rules of procedure. The plaintiff states he received the report and recommendation on November 22, 2006. He signed his objections on November 30, 2006. His objections were submitted within the ten day period for objections. Therefore, the Court will vacate its previous order adopting the R&R dated November 1, 2006 and consider the merits of the plaintiff's objections.

In the meantime, the remaining defendant, Scott G. Reynolds, filed a motion to dismiss. On June 19, 2007, Magistrate Judge Binder filed a report recommending that the motion be granted and the federal counts of the complaint be dismissed on the ground of qualified immunity. He also recommended, as he did with defendant Hightower, that the Court decline to exercise supplemental jurisdiction over a state law negligence claim. The plaintiff has objected to that R&R as well. Because the merits of the two motions and corresponding R&Rs are the same, the Court will address them both in this order.

After considering the motions *de novo*, the Court finds that defendants Hightower and Reynolds are entitled to qualified immunity, and the Court should not exercise suplemental jurisdiction over the state law negligence claims. Therefore, the Court will overrule both sets of objections, both R&Rs will be adopted, and the case will be dismissed.

I.

The petitioner alleges that he suffered injuries during a motor vehicle accident on December 11, 2002, when he was in the custody of the defendants. Defendants Hightower and Reynolds were transporting the plaintiff in a prison vehicle. The plaintiff was shackled and therefore could not buckle his own seatbelt. He asked defendants Hightower and Reynolds to buckle it for him, but they refused, telling him, "I'm not reaching across you, don't worry we won't get in no accident." Compl. ¶ 1. Defendant Hightower then drove recklessly at fifteen miles over the speed limit while weaving through traffic. The vehicle was in an accident as a result of the speeding, and the plaintiff was injured. The plaintiff alleges that he would not have been injured had he been wearing a seatbelt. The complaint alleges two counts of negligence and one count of violation of the Eighth Amendment.

On December 22, 2005, defendants MDOC and Hightower filed motions to dismiss [dkt ## 29, 30]. On November 1, 2006, the magistrate judge recommended that the motions be granted [dkt # 45]. Defendant Reynolds filed his motion to dismiss on January 24, 2007. Judge Binder recommended granting that motion on June 19, 2007.

The magistrate judge concluded that defendants Hightower and Reynolds were entitled to qualified immunity on the plaintiff's Eighth Amendment claim. At the time of the accident, there had been two cases holding that no Eighth Amendment violation results from transporting a prisoner without a seatbelt. *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902 (8th Cir. 1999); *Lopez v. Northern Arizona Coca-Cola Bottling Co.*, 2001 WL 1105129 (D. Ariz. Sept. 12, 2001) (unpublished). Only after the accident at issue in this case did a court find an Eighth Amendment violation in a failure to seat-belt a prisoner. *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038 (8th

Cir. 2004). Since then, the Tenth Circuit has come to the opposite conclusion. *Dexter v. Ford Motor Co.*, 92 F. App'x 637 (10th Cir. 2004). Because there was no Sixth Circuit case law on point and the case law from other circuits rejected such a claim at the time of the accident, the magistrate judge concluded that defendants Hightower and Reynolds were entitled to qualified immunity because no Eighth Amendment right was clearly established at the time. Unfortunately, the magistrate judge appears to have conflated the first and second steps of the qualified immunity analysis by not determining first whether the Eighth Amendment was violated by the defendants' conduct, and then separately deciding whether the right, if violated, was clearly established.

The magistrate judge concluded that defendant MDOC was entitled to immunity under the Eleventh Amendment. MDOC is a department of the State of Michigan, and the State has not consented to civil right suits. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

The magistrate judge finally recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

The plaintiffs' objections to both R&Rs are substantially the same. The plaintiff's first "objection" is that his factual allegations must be accepted as true under Rule 12(b)(6). He does not allege that the magistrate judge failed to do this. He states the facts he has alleged show the defendants acted with deliberate indifference towards his safety.

The plaintiff's second objection again cites law on Rule 12(b)(6). He believes the facts he has alleged do state a claim. The van he was in had a "Click-It-or-Ticket" bumper sticker on it. The plaintiff states it is impossible to believe that Hightower and Reynolds did not know that state law requires vehicle occupants to wear seatbelts. Furthermore, MDOC refuses to prevent misbehavior by its officers.

The plaintiff's final objection states that qualified immunity should only be granted if a reasonable person would not have known he was breaking the law. However, "every person from the age of 4 years old to 104 years of age who reside within the state of Michigan can not help but be aware of the Seat-belt law." Obj. at 5. Furthermore, an MDOC policy requires seat belt use, and speed limits are posted every eighth or quarter of a mile along the road. Any reasonable person would know that speeding and not wearing a seat belt are illegal.

The plaintiff's objections make no mention of Eleventh Amendment immunity.

II.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Qualified immunity is an affirmative defense that protects officers from liability for civil damages when their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Supreme Court has held that a claim of qualified immunity must be examined in two stages, *see Saucier v. Katz*, 533 U.S. 194, 200 (2001), although the Sixth Circuit sometimes expands the inquiry into a three-step sequential analysis, stating: "The first inquiry is whether the [p]laintiff has shown a violation of a constitutionally protected right; the second inquiry is whether that right was clearly established at the time such that a reasonable official would have understood that his behavior violated that right; and the third inquiry is 'whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established rights.'" *Tucker v. City of Richmond, Ky.*, 388 F.3d 216, 219 (6th Cir. 2004) (quoting *Higgason v. Stephens*, 288 F.3d 868, 876 (6th Cir. 2002); *see also Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 901 (6th Cir. 2004) (citing *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003)). That court later explained that although the Supreme Court continues to use the two-step approach, *see Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (per curiam), "'the three-step approach may in some cases increase the clarity of the proper analysis.'" *Swiecicki v. Delgado*, 463 F.3d 489, 498 (6th Cir. 2006) (quoting *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 n.2 (6th Cir. 2005)). It appears that when the state actor's conduct is obviously "objectively unreasonable" and violates a constitutional right, the court will "collapse" the last two steps. *Ibid.* (quoting *Caudill v. Hollan*, 431 F.3d 900, 911 n.10 (6th Cir. 2005)). Where a more exacting analysis of the facts may be necessary, the court tends to employ the third step, since "[i]t is important to emphasize that [the step-two] inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau*, 543 U.S. at 198 (internal quotes and citation omitted). Once the defense is raised, the plaintiff has the burden of

demonstrating a violation of a constitutional right and showing that the right was clearly established. *Barrett v. Steubenville City Sch.*, 388 F.3d 967, 970 (6th Cir. 2004).

The Eighth Amendment requires prison officials to "'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517 (1984)). To succeed on such a claim, a plaintiff must show: "(1) the deprivation alleged is objectively 'sufficiently serious,' and (2) the prison official had a sufficiently culpable state of mind." *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 352 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A sufficiently culpable state of mind is one of 'deliberate indifference' to inmate health and safety." *Ibid*. In defining deliberate indifference, the Supreme Court held,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837; *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 402 (1999). The test for deliberate indifference contains both a subjective and an objective component. *Farmer*, 511 U.S. at 837-38.

In *Brown v. Morgan*, 39 F.3d 1184, 1994 WL 610993 (8th Cir. 1994) (table), the plaintiff alleged that a sheriff's deputy named Morgan

> manifested deliberate indifference for his safety by refusing to let him wear a seat belt, driving at a high rate of speed in bad weather, refusing to slow down despite Brown's pleas for him to do so, purposely speeding up, and smiling when he saw that Brown was scared, asking, "Are you scared?"

*Brown*, 1994 WL 610993, at *1. The court found that these facts were "sufficient to support a conclusion that Morgan manifested deliberate indifference for [the plaintiff's] safety." *Ibid*.

In *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902 (8th Cir. 1999), the plaintiff was a pretrial detainee who had been arrested for simple assault. He was cuffed and put in the back of a patrol wagon, where there were no seatbelts. The plaintiff sat on a metal bench but was thrown around as the truck drove. The plaintiff suffered serious injuries that left him a paraplegic. Applying a slightly different standard because the plaintiff was a pretrial detainee, the Eighth Circuit concluded that the police had not acted with deliberate indifference that posed a substantial risk of serious harm when they transported the plaintiff in a van that was not equipped with seatbelts. The court reasoned that "[r]egardless of whether the term is framed as a subjective or objective test, the alleged deprivation must still be 'sufficiently serious' and 'pose a substantial risk of serious harm.' . . . Thus, even using an objective standard, we do not think that the Board's purchase of patrol wagons without safety restraints nor its manner of transporting individuals in these wagons were policies that obviously presented a 'substantial risk of serious harm.'" *Spencer*, 183 F.3d at 906 (8th Cir. 1999).

In *Lopez v. Northern Arizona Coca-Cola Bottling Co.*, 2001 WL 1105129 (D. Ariz. Sept. 12, 2001) (unpublished), the plaintiffs alleged that the defendants violated the Eighth Amendment by failing to install seatbelts in a prison transport van, in violation of a federal regulation. In a very brief discussion, the Court stated,

> Plaintiffs' 42 U.S.C. § 1983 claim based upon a violation of the Eighth Amendment is without merit. Transcor's failure to equip its vans with a passenger restraint system does not amount to deliberate indifference to Plaintiffs' safety. This failure constitutes negligence at most. Mere negligence is not enough to demonstrate deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Hence, Defendants' motion for summary judgment is granted as to Plaintiffs' § 1983 claim.

*Lopez*, 2001 WL 1105129, at *1.

In *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038 (8th Cir. 2004), decided after the accident at issue in this case, the facts alleged were as follows:

> With respect to the accident, as Brown and other inmates were being placed in the van for the trip to JCCC, Brown asked the five correctional officers (COs) present if they were going to put his seatbelt on, to which they responded, "aw hell you all will be alright," and "what you all don't trust our driving? You don't think were gonna wreck do you?" Brown could not put the seatbelt on himself because he was shackled with "bellychains, handcuffs, blackbox, and leg chains." Brown was scared by the way the drivers of the vans were driving: speeding ("up to 70 to 75 miles an hour"), following closely, and passing cars "even if the road markings suggested otherwise." At the time of the wreck, all three vans were in the passing lane and had just started to pull back into the right, when the driver of the second van in the caravan, "slammed on the brakes" to avoid hitting the first van and was rear-ended by the third van. Brown and the other inmates traveling in the second van were thrown up against the seats in front and then knocked out of their seats and onto the floor. After the accident, Brown was taken by ambulance to an emergency room where he was diagnosed with lower back trauma and whiplash.

*Brown v. Missouri Dep't of Corrections*, 353 F.3d 1038, 1040 (8th Cir. 2004). The court found the plaintiff had sufficiently alleged an intentional indifference for his safety in violation of the Eighth Amendment.

In *Dexter v. Ford Motor Co.*, 92 F. App'x 637 (10th Cir. 2004), the plaintiff was put into the back of a van with eight other inmates. The correctional officers refused to seatbelt them, in violation of a prison policy. The driver of the van exceeded the speed limit and caused an accident after he took his eyes off the road to reach for food. The plaintiff alleged that his Eighth Amendment rights were violated by the officers' failure to seatbelt him. The court concluded that failure to seatbelt inmates does not pose a substantial risk of serious harm. "[A]n Eighth Amendment claim based on failure to insure inmate safety must allege a risk that has been variously described as 'life-threatening,' *Helling*, 509 U.S. at 33, 'sufficiently serious,' *Farmer*, 511 U.S. at 834 (quotation omitted), 'substantial,' *id.*, 'excessive,' *id.* at 837, and 'sure or very likely to cause'

serious injury." *Dexter*, 92 Fed. Appx. at 641. "[A] failure to seatbelt does not, of itself, expose an inmate to risks of constitutional dimension." *Ibid*.

The Court believes that the weight of authority from other circuits, noted above, requires a finding that no Eighth Amendment violation occurs simply by transporting a prisoner unseatbelted in a prison vehicle. To violate the Eighth Amendment, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Refusing to seat belt a prisoner during transport and then exceeding the speed limit does not constitute an "excessive risk to inmate health or safety." *Ibid*. Many people drive without wearing a seatbelt, and speeding on the highway is a frequent occurrence. Although driving fast is risky, it cannot be considered an "excessive" risk. Nor can the officers in this case be said to have a "sufficiently culpable state of mind." *Flint*, 270 F.3d at 352. The plaintiff alleges that the driver assured him that they would not be in an accident. Although they may have driven at high speeds, that does not constitute deliberate indifference to the plaintiff's safety. The plaintiff's complaint, therefore, does not state facts establishing the objective component of an Eighth Amendment claim.

Moreover, even if refusing to seatbelt the plaintiff did violate the Constitution, the defendants are still entitled to qualified immunity because the law was not clearly established at the time of the accident. At the time of the accident, only one unpublished case had found refusal to seatbelt a prisoner to be a constitutional violation. That case, *Brown v. Morgan*, 39 F.3d 1184, 1994 WL 610993 (8th Cir. 1994) (table), involved a sheriff's deputy who was purposely trying to scare a prisoner. He smiled and sped up when the prisoner asked him to slow down and said, "Are you scared?" *Id.* at *1. That statement may have been adequate to show subjective indifference under the Eighth Amendment. There is no factual analog alleged in the plaintif's complaint in this case,

however. In addition, *Brown* is an unpublished case from another circuit, and it is insufficient to put the defendants on notice that their behavior violated the Constitution. The only published case at the time of the accident was also from the Eighth Circuit. However, in *Spencer v. Knapheide Truck Equip. Co.*, the court concluded that the prison was not required to use patrol wagons with safety restraints. Neither of these is from this circuit, and neither is sufficient to put the defendants on notice that they were violating the plaintiff's constitutional rights by refusing to seatbelt him.

The plaintiff's objections make no mention of Eleventh Amendment immunity. Since he does not object to this portion of the report, he waives the right to appeal on that issue.

In sum, there are no allegations in the complaint that would transform this garden-variety automobile negligence claim into a matter of constitutional dimension. The case is best handled by the state courts under the applicable state laws dealing with automobile liability and common-law negligence, all as modified by the State's no-fault automobile jurisprudence.

III.

The Court has considered the motions to dismiss *de novo* following the magistrate judge's R&Rs and the plaintiff's objections. The objections lack merit, and the motions will be granted.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt # 55] is **GRANTED**.

It is further **ORDERED** that the Magistrate Judge's Reports and Recommendations [dkt #s 45, 58] are **ADOPTED.**

It is further **ORDERED** that the motions to dismiss file by defendants Hightower and Michigan Department of Corrections [dkt # 29, 30], and the motion to dismiss filed by defendant Reynolds [dkt # 56] are **GRANTED**.

It is further **ORDERED** that the federal claims against defendants Hightower, Reynold, and the Michigan Department of Corrections are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the state law claims against defendants Hightower, Reynold, and the Michigan Department of Corrections are **DISMISSED WITHOUT PREJUDICE**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: July 27, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2007

        s/Felicia M. Moses
        FELICIA M. MOSES